IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PATRICIA HUGHES | : |
| | : |
| v. | : CIVIL NO. CCB-06-2117 |
| | : |
| UNIVERSITY OF MARYLAND, ET AL. | : |

...o0o...

## MEMORANDUM

Now pending is the motion of defendant University of Maryland Medical System ("UMMS") and four individual defendants to dismiss the complaint filed on August 15, 2006 by pro se plaintiff Patricia Hughes alleging that her termination from employment as a security officer with UMMS on August 17, 2005 resulted from discrimination based on race (African American) sex (female) and age (55). UMMS asserts that Ms. Hughes was discharged for unsatisfactory conduct, specifically threatening to assault and arrest a visitor leaving the hospital on August 3, 2005. For the reasons that follow, the defendants' motion will be granted.[1]

First, as to defendants Pacelli, Rinaldi, Forbes, and Rivest, individuals are not liable for violation of Title VII (race and sex discrimination) or the ADEA (age discrimination). *See Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-11 (4th Cir. 1994).

Second, as to the age discrimination claim, while it appears that Ms. Hughes's complaint was filed timely within 90 days of the May 16, 2006 EEOC notice, neither her complaint nor her response to the motion to dismiss state a *prima facie* claim or indeed contain any alleged fact

---

[1] Both the defendants and Ms. Hughes submitted information outside the pleadings which has been considered by the court. Ms. Hughes also was given notice that the defendants' motion, if granted, could result in dismissal or the entry of summary judgment. Accordingly, this motion will be converted to one for summary judgment.

linking her discharge to her age.[2]  *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 513 (4th Cir. 2006); *see Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 764-65 (4th Cir. 2003).

Third, as to the race and sex discrimination claims, the question is whether Ms. Hughes's complaint is timely.  The DOJ Civil Rights Division issued Ms. Hughes a Notice of Right to Sue Within 90 Days on April 17, 2006, that applied to her Title VII race and sex claims.  (Defs.' Mem. Ex. A.)  By letter copied to Ms. Hughes, DOJ advised the EEOC that it had issued a notice of right to sue under Title VII, but the EEOC needed to issue a notice covering the age claim.  (Defs.' Mem. Ex. C.)  The EEOC issued its form notice on May 16, 2006, addressing "Title VII, The Americans with Disabilities Act, and/or the Age Discrimination in Employment Act." (Defs.' Mem. Ex. B.)  Ms. Hughes's Title VII claims filed August 17, 2005 are barred unless the issuance of the second notice entitles her to equitable tolling of the 90-day limit.  *See Harvey v. New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987).

There does not appear to be any published Fourth Circuit precedent dealing directly with this situation.  Most helpful, however, is the unpublished but thorough and persuasive opinion of Judge Deborah K. Chasanow in this District declining to apply equitable tolling under similar circumstances.  *See Brown v. McKesson BioServices Corp.,* 2006 WL 616021 (D. Md. 2006).  In that case, the EEOC issued two right-to-sue notices, the first as to charge I on December 3, 2004, and the second as to charge II on December 14, 2004.  Without inquiry, the plaintiff incorrectly assumed that the second notice would control the limitations period for both claims.  Judge Chasanow found this constituted perhaps a "garden variety claim of excusable neglect," but not

---

[2] To the extent Ms. Hughes seeks to allege in her complaint incidents occurring prior to her August 17, 2005 discharge, these matters were not raised in her EEOC charge and may not be raised now.

the extraordinary circumstances required to warrant equitable tolling.  *Id.* at *8; *see also Hinton v. Cheney*, 1993 WL 460651, at **3-4 (4th Cir. 1993).  Similarly, in this case, Ms. Hughes was advised by the April 2006 letter from the DOJ that she had 90 days to file suit on her Title VII claims; she was copied on the letter explaining that the EEOC notice was to cover age claims; yet she did not file suit on any claim until more than 90 days after the presumed receipt of the April DOJ notice.  Her apparent misunderstanding of the second notice may be understandable, but is not due to any misconduct by the defendants.  Nor is the issuance of the second notice an extraordinary circumstance of the kind that permits equitable tolling under settled principles of Fourth Circuit law.  Accordingly, the defendants are entitled to judgment on the race and sex discrimination claims as well.

      A separate order follows.


  November 30, 2006                                                         /s/
       Date                                                              Catherine C. Blake
                                                                     United States District Judge